IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HULLIUNG GYMNASTICS, INC., *doing business as* WORLD CLASS GYMNASTICS,

    Plaintiff,

    vs.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, TINA ALEXANDER and FAMILY SPORTSPLEX,

    Defendants.

Case No. 13-cv-1279-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Tina Alexander's (Doc. 7) and plaintiff Hulliung Gymnastics, Inc.'s ("Hulliung") motions for remand (Doc. 7 &8). Defendant Philadephia Indemnity Insurance Company ("PIIC") filed a response (Doc. 10). For the following reasons, the Court denies both motions.

1. Background

PIIC removed the instant declaratory judgment action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, based on diversity of citizenship. Hulliung, Alexander, and defendant Family Sportsplex are Illinois citizens. PIIC is a Pennsylvania citizen. If the Court accepts Hulliung's alignment of the parties in its claim, there is no doubt diversity jurisdiction is not present. PIIC, however, argues that Hulliung fraudulently joined Family Sportsplex and the Court should realign Alexander as a plaintiff in this action. If the Court agrees with PIIC, diversity will exist and this Court will have jurisdiction over the matter.

2. Analysis

Removal is proper where the district court has original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing diversity of citizenship. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). There is a strong presumption in favor of remand and courts must narrowly interpret the removal statute. *Id*. With these standards in mind, the Court will consider the parties' arguments.

    a.  Family Sportsplex – Fraudulent Joinder

First, the Court will address whether Family Sportsplex was fraudulently joined. To establish fraudulent joinder, "[t]he defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). If the removing defendant establishes fraudulent joinder, "the federal district court considering removal may 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)).

In its notice of removal, PIIC alleged Family Sportplex was fraudulently joined and pointed out that there were no allegations against Family Sportsplex in Hulliung's complaint. In their motions for remand, Hulliung and Alexander fail to address the alleged fraudulent joinder of Family Sportsplex.

Here, Hulliung seeks an order declaring that PIIC, Hulliung's insurer, has a duty to defend and indemnify Hulliung in the underlying state court case. Hulliung seeks no relief from Family Sportsplex in this action. As such, the Court concludes Family Sportsplex is fraudulently

joined. The Court will disregard Family Sportsplex for the purposes of jurisdiction and dismiss Family Sportsplex from this case.

      b. Realignment – Alexander

Next, PIIC contends this Court has diversity jurisdiction because Alexander must be realigned in this action as a plaintiff. In its notice of removal, PIIC asserts that Alexander's and Hulliung's interests are identical as evidenced by the fact that Alexander admitted Hulliung's allegations and asked this Court to "grant [Hulliung]'s Complaint for Declaratory Judgment in its entirety." In its motion for remand, Hulliung asserts that Alexander is a necessary party to the declaratory judgment action and properly named as a defendant is this litigation.

"Where jurisdiction is based on diversity of citizenship, the court may ascertain the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation. Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 62 (1941)). "Ordinarily the victim of an insured is on one side of the lawsuit and the insured and his insurance carrier are on the other . . . ." *Truck Ins. Exchange v. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1991). However, in a declaratory judgment action such as the instant case, the insurance company is really the adversary of the insured and the insured's victim. *See id*. As such, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *Home Ins. Co. of Ill. V. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998).

Here, the interests of both Hulliung and Alexander are identical because both seek a declaration that PIIC must indemnify Hulliung. *See* Doc. 2-1 (Alexander "prays that this Court

grant plaintiff's Complaint for Declaratory Judgment in its entirety"). While Hulliung and Alexander may have adverse interests in the underlying case, their interests in the instant declaratory judgment action are aligned. Therefore, the Court will realign the parties accordingly.

3. Conclusion

For the foregoing reasons, the Court **DENIES** Alexander's (Doc. 7) and Hulliung's (Doc. 8) motions for remand. The Clerk of Court is **DIRECTED** to terminate Family Sportsplex as a defendant. The Clerk of Court is further **DIRECTED** to terminate Alexander as a defendant and add her as a plaintiff in this case.

**IT IS SO ORDERED.**

**DATED:** July 9, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**